UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **VINCENT TORRE JR.,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:25-cv-00626-LEW |
| | ) |
| **CARLOS DIAZ,** | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DISMISSAL**

Proceeding pro se, Vincent Torre Jr. brings civil rights claims against Cumberland County Assistant District Attorney Carlos Diaz. *See* Complaint (ECF No. 1). The Court previously denied without prejudice Torre's request to proceed in forma pauperis (IFP), noting that he had failed to provide his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2). *See* ECF No. 4. The Court warned Torre that, even if he filed his trust account statement, his case would "in all likelihood be screened and dismissed . . . because he is a prisoner seeking redress from a government officer who has absolute prosecutorial immunity." *Id*.

Thereafter, Torre sought an extension of time to file his trust account statement, which the Court granted and extended the deadline to January 30, 2026. *See* ECF No. 5. On January 23, 2026, Torre filed documents indicating that, although he has requested his trust account statement from the jail where he is incarcerated, he has yet to receive it. *See* ECF No. 7.

Rather than waste further judicial time on the issue of Torre's trust account statement or whether he qualifies for IFP status, I recommend that the Court exercise its inherent power and **DISMISS** his frivolous complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt that they would have power to do so even in the absence of this statutory provision."). Diaz is immune from liability under the doctrine of prosecutorial immunity, and this Court lacks authority to enjoin or otherwise interfere with Torre's state court criminal case, as he requests. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutors are absolutely immune from liability under 42 U.S.C. § 1983); *In re Justices of the Superior Ct. Dep't of the Mass. Trial Cts.*, 218 F.3d 11, 17 (1st Cir. 2000) (noting that the *Younger* abstention doctrine prevents federal courts from interfering with ongoing state court proceedings "even where defendants claim violations of important federal rights").

Torre is already subject to filing restrictions and has been warned previously. *See Torre v. Me. Dep't of Health & Hum. Servs.*, No. 2:25-cv-00429-LEW, 2025 WL 2986343, at *11 (D. Me. Oct. 23, 2025) (dismissing claims by Torre against Diaz and enjoining him from filing, among other things, "official capacity claims that seek relief designed to overturn or nullify state court criminal and parental rights proceedings and rulings" (emphasis omitted)), *appeal docketed*, No. 26-1012 (1st Cir. Jan. 7, 2026); *Torre v. Leighton*, No. 2:25-cv-00132-NT, 2025 WL 1286011, at *1 (D. Me. May 2, 2025) (dismissing Torre's complaint and, in light of his recent filing of

three other groundless complaints, putting him on notice "that filing restrictions may be in the offing" (cleaned up)).  I recommend that the Court broaden these filing restrictions and further **ENJOIN** Torre from filing new complaints in the District of Maine without first obtaining the Court's permission by showing that he is not seeking damages from an immune person or entity or improperly seeking to interfere with a state court case.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 27, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge